1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Julian Tocker,

              Plaintiff(s),

vs.

Officer Zachary Gainey, et al.,

              Defendant(s).

**2:25-cv-01050-ART-MDC**

**ORDER DENYING MOTION FOR SECURITY OF COSTS (ECF No. 7)**

       Pending before the Court is defendants' *Motion for Demand of Security of Costs* ("Motion") (ECF No. 7). Defendants move for plaintiff to post a cost bond of $500 under Nev. Rev. Stat. 18.130(1), which states:

> When a plaintiff in an action resides out of the state, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint.

Nev. Rev. Stat. 18.130(1).

       While the Federal Rules of Civil Procedure do not address security for costs, "[i]t has been the policy of this district to enforce the requirements of NRS § 18.130 in *diversity actions*." *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983) (emphasis added). "However, '[w]hen suit is brought under a federal statute, state provisions requiring security for costs or expenses clearly are inapplicable.'" *Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, 257 F.Supp. 3d 1110, 1111-12 (D. Nev. 2017) (citing 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2671 (3d ed.)). Although defendants state that plaintiff is an out of state resident, they removed the action pursuant under 28 U.S.C. § 1331 (i.e., original jurisdiction). *See ECF No. 1.* A review of the Complaint shows that plaintiff's claims are primarily constitutional in nature. *See ECF No. 1-1.* "The court finds that it would be contrary to public policy to automatically require security for costs under NRS 18.130 in cases involving alleged violations of the U.S. Constitution." *Wells Fargo Bank, N.A.*, 257 F.Supp. 3d at 1112.

Furthermore, defendants state that security of costs should also be required because plaintiff asserts a *Monell* claim against LVMPD, which is likely to fail. *See ECF No. 7.* However, plaintiff filed a non-opposition to defendants' *Motion to Dismiss* stating, he "did not intend to plead a *Monell* claim against Defendant LVMPD." *ECF No. 10 at 1.* Therefore, the Court does not find an adequate basis to require plaintiff to post a security of costs in a case based on federal-question jurisdiction.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion for Security of Costs* (ECF No. 7) is denied without prejudice.

DATED this 21st day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge